JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

John Zvarick

**(b)** County of Residence of First Listed Plaintiff Montgomery County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Silverang, Rosenzweig & Haltzman, LLC
Francis J. Falatko, Esq.

## DEFENDANTS

Cellular Concepts of Pennsylvania, Inc.;
Eric Weaver;

County of Residence of First Listed Defendant Montgomery County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
18 U.S.C.S. § 1030

Brief description of cause:
Computer Fraud and Abuse Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 1,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE: November 11, 2026

SIGNATURE OF ATTORNEY OF RECORD: /s/ Francis J. Falatko

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: Phoenixville, PA

***RELATED CASE IF ANY:*** Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☑ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☑ 16. All Other Federal Question Cases. *(Please specify)*: UTPCPL

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☑ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN ZVARICK**<br>*Plaintiff,*<br>v.<br>**CELLULAR CONCEPTS OF PENNSYLVANIA, INC. D/B/A AT&T RETAIL STORE - PHOENIXVILLE**<br>Attn: Registered Agent<br>Registered Agents, Inc.<br>502 West 7th Street, Suite 100<br>Erie, PA 16502<br>*-and-*<br>**ERIC WEAVER**<br>*-and-*<br>**JOHN DOE**<br>*Defendants.* | : | **CIVIL ACTION NO.** |

**COMPLAINT**

NOW COMES Plaintiff, John Zvarick, by and through his undersigned counsel, and sets forth the following Complaint:

## I. PARTIES

1. Plaintiff John Zvarick (hereinafter "Plaintiff") is an adult individual currently residing at 901 Clahor Avenue, Collegeville, PA 19426.

2. Defendant, Cellular Concepts of Pennsylvania, Inc., d/b/a AT&T Retail Store – Phoenixville, (hereinafter "AT&T Store"), is a business entity incorporated in the state of Delaware (file no. 4063815) with an address at 502 West 7th Street, Suite 100, Erie, Pennsylvania, 16502, and further maintains a place of business located at 1570 Egypt Rd. Suite 310, Phoenixville, Montgomery County, PA 19460-1179.

3. Defendant, Eric Weaver (an employee of AT&T Store) (hereinafter "Eric W."), is an adult individual and an employee of AT&T Store, who was acting in his capacity as an employee for all pertinent times of this lawsuit, and who works at AT&T Store's business located at 1570 Egypt Rd. Suite 310, Phoenixville, Montgomery County, PA 19460-1179.

4. Defendant, John Doe is an adult individual and employee of AT&T Store, who was acting in their capacity as an employee for all pertinent times of this lawsuit, and who works at AT&T Store's business located at 1570 Egypt Rd. Suite 310, Phoenixville, Montgomery County, PA 19460-1179.

## II. JURISDICTION

5. Jurisdiction is proper in this Court under 28 U.S.C. § 1331, because this matter concerns civil claims arising under federal law 18 U.S.C. § 1030.

6. Venue is proper in this Court under 28 U.S.C.A. § 1391(b), because it is the district in which the events giving rise to the claims set forth herein occurred.

## III. FACTS

7. On or about December 16, 2024, Plaintiff visited the AT&T Store location at 1570 Egypt Road, Suite 310, Phoenixville, PA 19460 to upgrade his iPhone.

8. A manager of this location, Eric W., as well as an unnamed employee, John Doe, of AT&T Store offered to transfer Plaintiff's data from his prior iPhone to his new device.

9. Plaintiff had a reasonable expectation that AT&T Store, Eric W., and John Doe would safeguard the information on his prior iPhone and new device, before, during and after the transfer of data.

10. To complete this transfer, Manager Eric W. and John Doe requested Plaintiff's iPhone PIN/passcode, as well as additional passwords and login information. The requested

information provided AT&T store's employees access to Plaintiff's password management application, which stored Plaintiff's account and password for his cryptocurrency wallet.

11. Initially, Plaintiff was told that the transfer would take approximately forty (40) minutes and was instructed to leave his iPhone in AT&T store's possession, which he did.

12. Upon Plaintiff's return approximately forty (40) minutes later, it was communicated that the data transfer would require an additional one (1) hour to complete, as the transfer was taking "longer than expected." Plaintiff was again offered to leave the store during this process.

13. Plaintiff returned to the location approximately one (1) hour later, as instructed, at which time manager Eric W. communicated that the transfer was complete, but that Plaintiff would need to reset his Apple I.D.

14. Manager Eric W. further advised Plaintiff that there would be a one (1) hour "security lock-out" on his new iPhone, rendering it impossible to reset his Apple I.D. or access his device until the lock-out timer concluded.

15. Eric W. and John Doe performed these actions and made these representations during the scope of their employment with AT&T Store.

16. Eric W. and John Doe exceeded their authorized access to Plaintiff's personal devices.

17. AT&T Store exercised or could have exercised control, either directly or indirectly, over Eric W. and John Doe's activities.

18. On or about the evening of December 16, 2024, Plaintiff's spouse received persistent calls from an unknown person claiming to be from Coinbase (a cryptocurrency exchange platform), warning of a phone cloning incident and unauthorized attempts to access Plaintiff's

cryptocurrency accounts.

19. Plaintiff's cryptocurrency accounts were stored on the Coinbase App, and his login information to Coinbase was accessible to Eric W., John Doe, and AT&T Store during the transfer.

20. The unknown caller specifically mentioned that the **cloning of Plaintiff's iPhone occurred during the data transfer at the AT&T location earlier that day**. The unknown caller also provided specific and then-current details about Plaintiff's Coinbase and ledger and the **exact balance (to the penny) of the Etherum account,** which could have only been accessed from the phone while it was in AT&T Store's possession or by the cloning of its data while it was in the AT&T Store's possession.

21. Under the pretense of securing Plaintiff's Coinbase wallet and preventing any further exposure relating to the cloning, the unknown caller directed Plaintiff to download what later proved to be a fraudulent Coinbase wallet and transfer assets.

22. Plaintiff was then asked to transfer funds immediately based upon the claim from the unknown caller that hackers were trying to transfer Plaintiff's cryptocurrency holdings at that very moment.

23. Plaintiff offered to do a test transfer of approximately Five Thousand Dollars ($5,000.00) in Ethereum, a cryptocurrency, to the "safe" Coinbase wallet provided by the unknown caller.

24. Plaintiff then transferred ($5,000.00) in Ethereum from the "safe" Coinbase wallet to his wife's ledger wallet, and was led to believe that he had control over the "safe" Coinbase wallet.

25. Unbeknownst to Plaintiff at that time, the "safe" Coinbase wallet was fraudulent and not under his exclusive control.

26. Plaintiff then transferred approximately Two Hundred Thousand Dollars ($200,000.00) in Ethereum to the fraudulent Coinbase wallet. Upon transfer, the funds were immediately stolen and withdrawn to an unknown account.

27. Plaintiff was further locked out of and deprived of access to the "safe" coinbase wallet.

28. Realizing that he was defrauded, Plaintiff promptly locked his accounts, secured his remaining assets, and changed all of his passwords, successfully preventing any further damages and theft. The investigation of this theft remains ongoing.

29. The day immediately following the transfer and the theft, Plaintiff promptly filed a police report with the Upper Providence Township Police Department of Montgomery County, Pennsylvania.

30. On the same day, Plaintiff also appeared at 1570 Egypt Rd. Suite 310, Phoenixville, Montgomery County, PA 19460-1179, to notify AT&T Store of the cloning and data breach. After notifying AT&T Store of the data breach, Plaintiff requested the surveillance footage of the location's security cameras and AT&T Store's digitally stored information relating to the transfer of Plaintiff's data. It was communicated to Plaintiff by the location's personnel that this information was not accessible, and that the surveillance footage is only available to AT&T's corporate offices.

31. An employee at the location further communicated they could not assist or provide any additional information, and that once the transfer was complete, AT&T Store's transfer services had concluded.

32. On February 12, 2025, by and through the undersigned counsel, Plaintiff sent a

demand letter to AT&T Store and AT&T Mobility LLC.[1]

33. As bailee for Plaintiff's data and iPhone, AT&T Store had a duty to protect Plaintiff's phone and the privileged and sensitive information, on that phone. Plaintiff reasonably relied on AT&T Store's ability to securely transfer his data, and the Defendants breached this duty, ultimately leading to the disclosure of Plaintiff's data to unknown third parties.

34. AT&T Store's employees were operating within the course and scope of their agency and employment, and the data transfer is well within the normal course and scope of the location's operations.

35. Plaintiff seeks reimbursement of at least Two Hundred Thousand Dollars ($200,000.00) from Defendants and/or its affiliates, in connection with the above, as the damages would not have occurred but for Defendants breach of their duties as bailee.

36. Defendants' breach ultimately led to the sharing of Plaintiff's sensitive financial data to third parties, and the reasonably foreseeable use of this information to scam Plaintiff.

## IV. CAUSES OF ACTION

### COUNT I
### PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
### 73 Pa. Cons. Stat. §§ 201-2 & 201-3, et seq. ("UTPCPL")
***Plaintiff v. Defendant AT&T Store***

37. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

38. Defendant, AT&T Store is a "person(s)" as defined by 73 Pa. Cons. Stat. § 201-2(2).

39. Plaintiff purchased goods and services in "trade" and "commerce," as defined by 73 Pa. Cons. Stat. § 201-2(3), primarily for personal, family, and/or household purposes.

[1] AT&T Mobility LLC was non-suited by consent in a separate action.

40. Defendant AT&T Store is both individually liable and vicariously liable for the actions of Eric W. and/or John Doe, and for any actions of its agents and/or employs under the doctrine of Respondeat Superior.

41. At all pertinent times of this Complaint, Plaintiff was owed a duty of care by Defendants as a customer and business invitee of AT&T Store.

42. AT&T Store engaged in unfair methods of competition or deceptive acts and practices in the conduct of its trade and commerce in violation of 73 Pa. Cons. Stat. Ann. § 201-3, including, but not limited to, engaging in fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding (73 Pa. Stat. Ann. § 201-2(4)(xxi)).

43. AT&T Store's fraudulent, unfair, or deceptive acts and practices occurred between at least December 16, 2024, and continue to date.

44. AT&T Store's representations and omissions were material because they were likely to deceive reasonable consumers and policy holders regarding payment of covered claims, and did in fact deceive Plaintiff.

45. AT&T Store directly and/or through its employees, agents, designees and/or assigns, intended to mislead Plaintiff and induce him to rely on their misrepresentations and omissions.

46. AT&T Store directly and/or through its employees, agents, designees and/or assigns, acted intentionally, knowingly, and maliciously to violate the Pennsylvania Unfair Trade Practices and Consumer Protection Law, and recklessly disregarded Plaintiff's rights.

47. As a direct and proximate result of AT&T Store's deceptive and unlawful acts and practices, Plaintiff has suffered ascertainable losses of money, property, and monetary damages,

including but not limited to losing good and valuable property that could have been liquidated, sold, transferred, or converted to provide costs of repair for his home.

WHEREFORE, Plaintiff hereby demands judgment in his favor and against Defendant AT&T Store, for actual damages, compensatory damages, consequential damages, punitive damages, treble damages, attorney fees, and other relief the Court deems appropriate.

**COUNT II**
**FRAUDULENT MISREPRESENTATION**
***Plaintiff v. Defendants***

48. Plaintiff hereby incorporates the foregoing paragraphs as though fully set forth herein.

49. Defendants AT&T Store is individually liable and vicariously liable for the actions of Eric W. and/or John Doe, and for any actions of its agents and/or employs under the doctrine of Respondeat Superior.

50. At all pertinent times of this Complaint, Plaintiff was owed a duty of care by Defendants as a customer and business invitee of AT&T Store.

51. Defendants' misrepresentations as described herein, including those set forth in the Contract and in statements made both written and verbal, were material to Plaintiff in availing himself of the services offered by AT&T Store.

52. Defendants' misrepresentations were made falsely, with knowledge of their falsity or recklessness as to whether the statements were true or false; and with the intent of misleading Plaintiff into relying on those statements.

53. Plaintiff justifiably relied on Defendants' misrepresentations.

54. Plaintiff suffered financial damages and loss because of Defendants' misrepresentations.

WHEREFORE, Plaintiff hereby demands judgment in his favor and against Defendants, AT&T Store, Eric W., and John Doe, jointly and severally, for actual damages, compensatory damages, consequential damages, punitive damages, specific performance, and other relief the Court deems appropriate.

**COUNT III**
**NEGLIGENT MISREPRESENTATION**
***Plaintiff v. Defendants***

55. Plaintiff hereby incorporates the foregoing paragraphs as though fully set forth herein.

56. Defendant AT&T Store is individually liable and vicariously liable for the actions of Eric W. and/or John Doe, and for any actions of its agents and/or employs under the doctrine of Respondeat Superior.

57. At all pertinent times of this Complaint, Plaintiff was owed a duty of care by Defendants as a customer and business invitee of AT&T Store.

58. Defendants' misrepresentations as described herein were material to Plaintiff availing himself of the goods and/or services offered by AT&T Store and entering into a contract concerning the same.

59. Defendants' misrepresentations were made falsely, with knowledge of their falsity or negligence as to whether the statements were true or false; and without making a reasonable investigation of the truth of their statements.

60. Defendants' misrepresentations were made with the intent of misleading Plaintiff into relying on those statements.

61. Plaintiff justifiably relied on Defendants' misrepresentations.

62. Plaintiff suffered financial damages and loss because of Defendant's misrepresentations.

WHEREFORE, Plaintiff hereby demands judgment in his favor and against Defendants, AT&T Store, Eric W., and John Doe, jointly and severally, for actual damages, compensatory damages, consequential damages, specific performance, and other relief the Court deems appropriate.

**COUNT IV**
**BREACH OF CONTRACT**
***Plaintiff v. Defendant AT&T Store***

63. Plaintiff hereby incorporates the foregoing paragraphs as though fully set forth herein.

64. Defendant AT&T Store is individually liable and vicariously liable for the actions of Eric W. and/or John Doe, and for any actions of its agents and/or employs under the doctrine of Respondeat Superior.

65. At all pertinent times of this Complaint, Plaintiff had a valid contractual relationship with AT&T Store as a customer of the same and was owed a duty of care.

66. Plaintiff was offered good and valuable services by AT&T Store which included, but were not limited to, the safeguarding of his information during the purchase of a new iPhone and transfer of his information during that purchase.

67. Plaintiff paid good and valuable consideration for the goods and services provided by AT&T Store.

68. AT&T Store breached their contractual relationship entered into with Plaintiff, as detailed above, by failing to provide him the duty of care owed, engaging in fraud, and theft by deception.

69. AT&T Store's arbitrary conduct, as stated above, is also a breach of the implied in law contractual obligation of good faith and fair dealing.

70. Plaintiff performed all required conditions of the Contract and all required conditions precedent for performance thereunder.

WHEREFORE, Plaintiff hereby demands judgment in his favor and against Defendant AT&T Store for actual damages, compensatory damages, consequential damages, liquidated damages, and other relief the Court deems appropriate.

## **COUNT V**
## **CIVIL CONSPIRACY**
***Plaintiff v. Defendants Eric W. and John Doe***

71. Plaintiff hereby incorporates the foregoing paragraphs as though fully set forth herein.

72. Plaintiff, pursuant to 231 Pa. Code R. 1020(c), brings this Count V in the alternative to the other Counts set forth herein.

73. Eric W. and/or John Doe combined or entered into an agreement to defraud Plaintiff.

74. Eric W. and/or John Doe took affirmative steps towards consummating that agreement to defraud Plaintiff by, among other things, misrepresenting the nature and basis of the services being provided to Plaintiff in order to obtain access to his confidential personal information.

75. Eric W. and/or John Doe knew or should have known that their actions and/or inactions constituted an unlawful act.

76. Eric W. and/or John Doe acted with actual malice.

77. Plaintiff was injured by the actions and inactions of Eric W. and/or John Doe.

WHEREFORE, Plaintiff hereby demands judgment in his favor and against Defendants Eric W. and John Doe, jointly and severally, for actual damages, compensatory damages, consequential damages, liquidated damages, and other relief the Court deems appropriate.

**COUNT VI**
**NEGLIGENT SUPERVISION**
***Plaintiff v. Defendant AT&T Store***

78. Plaintiff hereby incorporates the foregoing paragraphs as though fully set forth herein.

79. Plaintiff, pursuant to 231 Pa. Code R. 1020(c), brings this Count VI in the alternative to the other Counts set forth herein.

80. Defendant AT&T Store was under a duty to exercise reasonable care so as to control the actions of its employees and/or agents, which necessarily includes Eric W. and/or John Doe.

81. Eric W. and/or John Doe intentionally harmed Plaintiff while on the premises in possession of AT&T Store or upon which John Doe and/or Eric W. were privileged to enter as AT&T Store's employees.

82. Eric W. and/or John Doe intentionally harmed Plaintiff by utilizing AT&T Store's equipment, tools, and/or instrumentalities of commerce.

83. AT&T Store knew or had reason to know that it had the ability to control the conduct of Eric W. and/or John Doe.

84. AT&T Store knew or should have known of the necessity and opportunity for

exercising such control over Eric W. and/or John Doe.

85. AT&T Store did not exercise sufficient control over Eric W. and/or John Doe.

86. Plaintiff's injuries are a direct and proximate result of AT&T Store's actions and/or inactions set forth herein.

WHEREFORE, Plaintiff, hereby demands judgment in his favor and against Defendant AT&T Store for actual damages, compensatory damages, consequential damages, liquidated damages, and other relief the Court deems appropriate.

**COUNT VII**
**COMPUTER FRAUD AND ABUSE ACT (CFAA), 18 U.S.C. § 1030**
***Plaintiff v. Defendants***

87. Plaintiff hereby incorporates the foregoing paragraphs as though fully set forth herein.

88. Plaintiff brings this Count pursuant to 18 U.S.C.S. § 1030(g).

89. Plaintiff's iPhones are "computer[s]" as that term is defined in 18 U.S.C.S. § 1030(e)(1).

90. Plaintiff's iPhones are further protected computers because they are used in or affecting interstate or foreign commerce or communication. *See* 18 U.S.C.S. § 1030(e)(2)(B).

91. Eric W. and/or John Doe accessed Plaintiff's iPhones and exceeded their authorized access by viewing and/or otherwise accessing personal and confidential financial information on Plaintiff's iPhones.

92. Defendant AT&T Store is individually liable and vicariously liable for the actions of Eric W. and/or John Doe, and for any actions of its agents and/or employs under the doctrine of Respondeat Superior.

93. Eric W. and/or John Doe made misrepresentations to Plaintiff in order to obtain access to Plaintiff's iPhones and to exceed their authorized access to those same devices.

94. Eric W. and/or John Doe accessed Plaintiff's iPhones knowingly and with the intent to defraud in the course of their employment with AT&T Store.

95. Eric W. and/or John Doe furthered that intended fraud and obtained valuable information relating to Plaintiff's cryptocurrency accounts.

96. The value of Eric W. and/or John Doe's access beyond what was authorized by Plaintiff is in excess of Five Thousand Dollars and 00/100 ($5,000.00).

97. Plaintiff has suffered loss as a result of Defendants' actions and/or inactions complained of herein.

WHEREFORE, Plaintiff, hereby demands judgment in his favor and against Defendants AT&T Store, Eric W., and John Doe, jointly and severally, for actual damages, compensatory damages, consequential damages, liquidated damages, and other relief the Court deems appropriate.

*Respectfully Submitted,*

**SILVERANG, ROSENZWEIG & HALTZMAN, LLC**

By: */s/ Francis J. Falatko*
Francis J. Falatko, Esquire
PA Attorney ID: 339682
900 East 8th Avenue, Suite 300
King of Prussia, PA 19406
ffalatko@sanddlawyers.com
***Attorney for Plaintiff***

4929-4249-3656, v. 1